## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **MICHAEL G. CLARK**, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**LEXISNEXIS RISK SOLUTIONS, INC.**,<br><br>*Defendant*. | Case No. 20-cv-1920<br><br>**CLASS ACTION COMPLAINT**<br>JURY TRIAL DEMANDED |

Plaintiff Michael G. Clark ("Clark" or "Plaintiff"), on behalf of himself and all others similarly situated, complaining of Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis" or "Defendant"), alleges as follows:

### I. NATURE OF THE CASE

1. This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA"), against LexisNexis, a consumer reporting agency. In violation of the FCRA, LexisNexis prepares consumer reports that contain false and harmful information pertaining to unenforceable, non-docketed judgments of the Minnesota conciliation court.

### II. PARTIES

2. Plaintiff Michael G. Clark is a natural person who resides in Clear Lake, Minnesota. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Defendant LexisNexis Risk Solutions, Inc. is a Georgia corporation that is authorized to do business in Minnesota and that maintains its headquarters at 1000

Alderman Drive, Alpharetta, Georgia. It is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively.

## III.  JURISDICTION & VENUE

4. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because LexisNexis has substantial contacts with Minnesota, including those related to its acquisition of Conciliation Court records.

## IV.  FACTUAL ALLEGATIONS

*Minnesota Conciliation Courts*

6. In the State of Minnesota, litigants may bring certain claims in the conciliation court division, a non-record tribunal in which claims "must be without jury trial and by a simple and informal procedure." MINN. STAT. § 491A.02, subdivision 1.

7. A judgment resolving a conciliation court claim may not be enforced in conciliation court. *See* MINN. STAT. § 491A.01, subdivision 1 ("No write of execution or garnishment summons may be issued out of conciliation court.").

8. Rather, a conciliation court judgment must first be docketed in the district court, whereupon the judgment creditor may seek to enforce the judgment, a process governed by the Minnesota General Rules of Practice for the District Courts. MINN. STAT. § 491A.02, subdivision 9; MINN. DIST. CT. R. 518(a)-(b).

*Defendant's Conduct*

9. Upon information and belief, Defendant prepares and sells consumer reports (commonly called "credit reports") about thousands of consumers annually, including about consumers in Minnesota.

10. Upon information and belief, following its standard practices and procedures, Defendant collects and retains information pertaining to conciliation court judgments that have not been docketed in the district court in its files, notwithstanding the conciliation court's status as a non-record tribunal.

11. Upon information and belief, following its standard practices and procedures, Defendant includes information pertaining to unenforceable, non-docketed conciliation court judgments in the consumer reports it prepares, notwithstanding the fact that such judgments cannot be enforced against the consumer who is the subject of the report.

12. Upon information and belief, Defendant follows no procedure that assures that it will not include information pertaining to unenforceable, non-docketed conciliation court judgments in the consumer reports it prepares.

13. Upon information and belief, following its standard practices and procedures, Defendant represents unenforceable, non-docketed conciliation court judgments as though they are currently or were formerly enforceable against the consumer who is the subject of the consumer report Defendant prepares.

14. Upon information and belief, Defendant prepares consumer reports that include false and harmful information concerning consumers against whom unenforceable, non-docketed conciliation court judgments have been entered.

15. Upon information and belief, Defendant's above-alleged conduct causes widespread harm to consumers against whom unenforceable, non-docketed conciliation court judgments have been entered.

16. Upon information and belief, Defendant prepares consumer reports containing information pertaining to unenforceable, non-docketed conciliation court judgments for a fee and not gratuitously.

17. Upon information and belief, Defendant sells information pertaining to unenforceable, non-docketed conciliation court judgments to other consumer reporting agencies, which subsequently prepare and sell consumer reports that contain the same false and harmful information.

18. Upon information and belief, Defendant's collection, reporting, and resale of information pertaining to unenforceable, non-docketed conciliation court judgments results in significant economic gain to Defendant.

19. At all times pertinent hereto, Defendant acted by and through its agents, servants and or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

*Plaintiff Clark's Experience*

20. On or about September 25, 2014, one Robert D. Stoneburner ("Stoneburner") sued Plaintiff Clark for $350, plus filing fees and costs of $77, in the conciliation court for Stearns County, Minnesota in case number 73-CO-14-1198 by filing a Statement of Claim and Summons.

21. On or about October 5, 2016, Stoneburner and Plaintiff Clark entered into a settlement of the claim at issue in case number 73-CO-14-1198.

22. Stoneburner signed his name in the "Notice of Settlement" section of the Statement of Claim and Summons, affirming the statement written there: "The above-entitled case having been settled, the same may and hereby is dismissed with my consent."

23. Upon information and belief, Stoneburner then electronically filed the signed copy of the Statement of Claim and Summons.

24. At no time did Stoneburner docket any judgment against Plaintiff Clark in the district court for Stearns County because no judgment was ever entered against him in case number 73-CO-14-1198.

25. Thus, pursuant to Minnesota law, no judgment enforceable against Plaintiff Clark ever arose from case number 73-CO-14-1198, the proceedings of which "must not be reported." MINN. STAT. § 491A.02, subdivision 1.

26. On or about January 8, 2020, Plaintiff Clark applied to refinance the mortgage on his home with the Central Minnesota Credit Union ("CMCU").

27. Upon information and belief, on or about January 8, 2020, Defendant LexisNexis prepared a consumer report about Plaintiff Clark that included information pertaining to case number 73-CO-14-1198 and sold it to CMCU for a fee.

28. Upon information and belief, the consumer report Defendant prepared stated that a judgment had been entered against Plaintiff Clark in the Stearns County Conciliation Court in case number #73CO141198 in the amount of $350 on October 29, 2014 in favor of Stoneburner Law Office.

29. Relying upon the false and harmful information pertaining to the unenforceable, non-docketed conciliation court case number 73-CO-14-1198 contained in the consumer report Defendant prepared, CMCU denied Plaintiff Clark's application to refinance his mortgage at the rate he had requested.

30. In the alternative, upon information and belief, on or about January 8, 2020, LexisNexis sold information pertaining to case number 73-CO-14-1198 to Factual Data, a consumer reporting agency, which subsequently prepared a consumer report about Plaintiff Clark and sold it to CMCU.

31. Upon information and belief, the Factual Data consumer report stated that a judgment had been entered against Plaintiff Clark in the Stearns County Conciliation Court in case number #73CO141198 in the amount of $350 on October 29, 2014 in favor of Stoneburner Law Office.

32. Relying upon the false and harmful information pertaining to the unenforceable, non-docketed conciliation court case number 73-CO-14-1198 provided by Defendant to Factual Data, CMCU denied Plaintiff Clark's application to refinance his mortgage at the rate he had requested.

33. On or about January 31, 2020, Plaintiff Clark contacted the Stearns County court and received confirmation that the conciliation court judgment at issue had never been docketed in the district court and that, if asked whether a judgment existed against him, the court administrator would answer, "No."

34. Nevertheless, after sharing the information he had obtained from the Stearns County court with CMCU, Plaintiff Clark was unable to resuscitate the refinancing opportunity he had hoped to obtain.

35. As a direct and proximate result of Defendant's conduct, Plaintiff Clark suffered harm, including the loss of credit opportunities, the loss of time spent investigating Defendant's false and harmful information, embarrassment, and humiliation.

## V.     CLASS ACTION ALLEGATIONS

36. Plaintiff Clark brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

> All natural persons against whom a judgment was entered in the conciliation courts of the State of Minnesota, which judgment was never subsequently docketed in the Minnesota district court, and about whom LexisNexis prepared a consumer report containing information concerning said judgment to a third party during the period beginning five years prior to the filing of this Complaint and continuing to the date of the entry of judgment in this matter.

37. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

38. **Numerosity. FED. R. CIV. P. 23(A)(1).** The Class members are so numerous that their joinder is impractical. Upon information and belief, Defendant furnishes Minnesota Conciliation Court judgment information about thousands of consumers each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

39. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(A)(2).** Common questions of law and fact exist as to all members of

the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant willfully violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the conciliation court judgment information it reported.

40. **Typicality. FED. R. CIV. P. 23(A)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

41. **Adequacy. FED. R. CIV. P. 23(A)(4).** Plaintiff is an adequate representative of the Class. His interests are aligned with and are not antagonistic to, the interests of the members of the Class he seeks to represent. He has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

42. **Predominance and Superiority. FED. R. CIV. P. 23(B)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of this controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments

and increases the delay and expenses to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

### VI.    CLAIM FOR RELIEF

**For Defendant's Violation of 15 U.S.C. § 1681e(b)**
**On Behalf of Plaintiff and the Class**

43.    Plaintiff incorporates by reference the above paragraphs as though set forth in full herein.

44.    The above-mentioned reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

45.    Defendant is regulated by the FCRA, which provides that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

46.    Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information it includes in consumer reports it prepared and continues to prepare about Plaintiff Clark and Class members, namely by reporting information pertaining to unenforceable, non-docketed conciliation court judgments about Plaintiff Clark and Class members.

47. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard of consumers' rights as set forth in section 1681e(b) of the FCRA.

48. Pursuant to 15 U.S.C. §§ 1681n and o, Defendant is liable to Plaintiff Clark and Class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

a. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

b. An award of actual, statutory and punitive damages for Plaintiff and the Class;

c. An award of pre-judgment and post-judgment interest as provided by law;

d. An award of attorney's fees and costs; and

e. Such other relief as the Court deems just and proper.

## VIII.  TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Dated: September 8, 2020                                        Respectfully submitted,

*/s/E. Michelle Drake*
E. Michelle Drake, Bar No. 0387366
John G. Albanese, Bar No. 0395882
**BERGER MONTAGUE PC**
43 SE Main St., Ste. 505
Minneapolis, MN  55414
T: 612.594.5999
F: 612.584.4470
emdrake@bm.net
jalbanese@bm.net

James A. Francis*
John Soumilas*
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market St., Ste. 2510
Philadelphia, PA  19103
T: 215.735.8600
F: 215.940.8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

*\* petition to appear *pro hac vice* forthcoming*

*Attorneys for Plaintiff*