**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| MICHAEL G. CLARK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC.,<br><br>Defendant. | Case No. 0:20-CV-01920-SRN-BRT<br><br>**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** |

## INTRODUCTION

Minnesota, like other states, has created a conciliation court system for individuals to bring small claims without "expensive costs or complicated legal procedures." (Declaration of James F. McCabe In Support of Defendant LexisNexis Risk Solution Inc.'s Motion to Dismiss ("McCabe Decl."), Ex. 1 at 1.; *see* Minn. Stat. § 491A.01 *et seq.*) A conciliation court is established by a district court and "has jurisdiction to hear, conciliate, *try, and determine* civil claims" (emphasis added) within certain dollar and subject matter limits. (Minn. Stat. § 491A.01, subds. 3-11.) The Minnesota Judicial Branch advises individuals that, like other court records, conciliation court "judgment records are public and credit bureaus take information from them. If [a defendant's] judgment is not paid before it becomes final, it may have an adverse affect [*sic*] on [his or her] credit rating." (McCabe Decl., Ex. 1 at 5.)

1

Plaintiff Michael C. Clark ("Plaintiff" or "Plaintiff Clark") was sued in Stearns County Conciliation Court for having failed to pay his lawyer. Some two years later, the lawyer submitted to the Court a notice of settlement. This is undisputed.

Defendant LexisNexis Risk Solutions Inc. ("Defendant" or "LexisNexis") prepares and sells reports that are "consumer reports" under the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.* ("FCRA")). Defendant retrieves information about Conciliation Court judgments and includes such information in consumer reports that are used, among other things, for credit and insurance underwriting purposes. The FCRA requires in preparing such reports, Defendant must follow reasonable procedures to assure the accuracy of such reports. Plaintiff Clark, in the first claim in his First Amended Complaint ("FAC"), asserts a theory to date unheard of in the fifty-year history of the FCRA: a credit report reflecting a conciliation court judgment is *inaccurate* if the judgment creditor has not docketed the conciliation court judgment in a state district court. The claim seems to be based on a contrived notion that conciliation court judgments are not, well, *judgments* unless and until they are docketed in district court.

The FAC's first claim should be dismissed *with prejudice* because it is unsupported by law and by documents the Court may consider when ruling on Defendant's Motion to Dismiss. First, to state a claim for a violation of § 1681e(b), a plaintiff must allege defendant prepared an *inaccurate* consumer report. But there is no question a conciliation court judgment was entered against Plaintiff in October 2014, and defendant's reporting of that event was *accurate*. Because Plaintiff cannot cure this defect in the complaint, the first cause of action should be dismissed *with prejudice* for that reason alone. Second, even

if the threshold pleading defect were not enough, under the canons of statutory construction, the "accuracy" requirement of § 1681e(b) cannot be twisted to require the exclusion from consumer reports of *accurate* information about conciliation court judgments. Third, Plaintiff Clark's suggestion that the Minnesota statute governing conciliation courts somehow makes it a *violation of the federal FCRA* to report undocketed conciliation court judgments is a misreading of that statute.

## I.    ALLEGATIONS OF THE FIRST AMENDED COMPLAINT RELEVANT TO THE MOTION TO DISMISS

On or around September 25, 2014, non-party Robert D. Stoneburner sued Plaintiff Clark in the conciliation court for Stearns County, Minnesota Case Number 73-CO-14-1198 for $350, plus filing fees and costs of $77 (the "Matter"). (FAC ¶ 44.)[1] On October 5, 2016, two years later, Plaintiff Clark entered into a settlement for this claim. (*Id.*, ¶ 45.) Mr. Stoneburner signed his name in the "Notice of Settlement" section of the Statement of Claim and Summons, and then electronically filed the signed copy of the Statement of Claim and Summons. (*Id.*, ¶¶ 46-47.)

The FAC's allegations are inconsistent as to what happened between the time Mr. Stoneburner filed the conciliation court case and the time Plaintiff Clark entered into a settlement of the claim. On the one hand, the FAC alleges that "no judgment was ever entered against [Plaintiff Clark] in case number 73-CO-14-1198." (*Id.*, ¶ 48.) On the other hand, the FAC alleges that Plaintiff Clark seeks to represent a class of persons "against

---

[1] Defendant's description of the facts is based on the FAC and assumes for purposes of this motion only that Plaintiff's version of events is accurate.

whom a judgment was entered in the conciliation courts of the State of Minnesota" (*id.*, ¶ 75) and that Plaintiff Clark's claim is "typical of the claims of the members of the Class[] [he] represent[s]." (*Id.*, ¶ 80; *see also id.*, ¶ 86 (FCRA violation is reporting a non-docketed conciliation court judgment about Plaintiff Clark.)) The Court may look to the records of case number 73-CO-14-1198 to determine which of these inconsistent allegations (i.e., a judgment was or was not entered) is well-pleaded.[2]

Both the Register of Actions in the matter and the case file show that on October 29, 2014, after a hearing on the merits, a judgment *was* entered against Plaintiff Clark in the Matter. (*See* McCabe Decl., Exs. 2-3) (emphasis added.)

## REGISTER OF ACTIONS
### CASE NO. 73-CO-14-1198

| ROBERT D STONEBURNER, STONEBURNER LAW OFFICE vs MICHAEL GLENN CLARK | § § § § § | Case Type: **Conciliation** Date Filed: **09/26/2014** Location: **Stearns** |
|---|---|---|

| PARTY INFORMATION | | |
|---|---|---|
| | | **Lead Attorneys** |
| **Defendant** | **CLARK, MICHAEL GLENN** Paynesville, MN 56362 | Male DOB: 09/11/1959 | |
| **Plaintiff** | **STONEBURNER LAW OFFICE** PAYNESVILLE, MN 56362 | | **ROBERT D STONEBURNER** *Retained* 320-243-7373(W) |
| **Plaintiff** | **STONEBURNER, ROBERT D** PAYNESVILLE, MN 56362 | | **ROBERT D STONEBURNER** *Retained* 320-243-7373(W) |

**EVENTS & ORDERS OF THE COURT**

**DISPOSITIONS**
10/29/2014 | **Judgment** (Judicial Officer: Grunke, Frederick L.)

**OTHER EVENTS AND HEARINGS**
09/26/2014 | **Statement of Claim and Summons**    Index # 1
10/29/2014 | **Conciliation Hearing** (9:00 AM) (Judicial Officer Grunke, Frederick L.)
Result: Held
10/29/2014 | **Court Clerk Minutes**    Index # 2
10/29/2014 | **Order for Judgment**    Index # 3 (Judicial Officer: Grunke, Frederick L.)
10/29/2014 | **Notice of Filing of Order**    Index # 4
10/05/2016 | **Notice of Settlement**    Index # 5

---

[2]*See*, Legal Standards, *infra.*

On or around January 8, 2020, Plaintiff Clark applied to refinance his home's mortgage with the Central Minnesota Credit Union ("CMCU"). (FAC ¶ 50.) That day, Defendant prepared a consumer report relating to Plaintiff Clark. (*Id.*, ¶ 51.) The report correctly stated that the October 29, 2014 judgment had been entered against Plaintiff Clark. (*Id.*, ¶ 52; McCabe Decl., Ex. 2.) CMCU relied on the report in denying Plaintiff Clark's application to refinance his mortgage at the rate he requested. (FAC ¶ 53.) Plaintiff Clark alternatively alleges that Defendant sold this information to Factual Data, a consumer reporting agency, which prepared a consumer report about Plaintiff and sold it to CMCU. (*Id.*, ¶ 54.)

On or around January 31, 2020, Plaintiff Clark allegedly contacted the Stearns County Court and received confirmation that a judgment had neither been entered against him nor docketed in the district court, and that if asked if there was a judgment in the file about him, the answer would be no. (*Id.*, ¶ 57; *see also* McCabe Decl., Ex. 4.) Nevertheless, after sharing this information with CMCU, Plaintiff Clark was still unable to refinance his mortgage at the rate he desired. (FAC ¶ 58.)

Plaintiff now seeks to represent a putative class of individuals, claiming Defendant violated the FCRA, 15 U.S.C. § 1681e(b), by reporting information pertaining to conciliation court judgments. (*Id.*, ¶¶ 83-88.) Plaintiff Peterson does not allege Defendant ever reported a conciliation court judgment against him, and thus lacks standing to assert the first cause of action.

## II.    LEGAL STANDARDS

A motion to dismiss is proper when allegations fail to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Rydholm v. Equifax Info. Servs., LLC*, No. 20-647(DSD/KMM), 2020 U.S. Dist. LEXIS 202061, at *6 (D. Minn. Oct. 23, 2020) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  While the Court must accept as true factual allegations, it does not need to accept "[l]abels and conclusions or a formulaic recitation of the elements of a cause of action."  *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In ruling on a motion to dismiss, the Court may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment."  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (internal citation and quotation marks omitted) (district court did not err in considering on motion to dismiss a contract offered by defendant that contradicted plaintiff's allegation in the complaint that he did not consent to receiving automated telemarketing calls.).  A court may consider on a motion to dismiss matters of public record, such as a docket sheet in a prior case, without converting the motion to dismiss into a motion for summary judgment.

*Levy v. Ohl*, 477 F.3d 988, 991-92 (8th Cir 2007) (in granting motion to dismiss claim for malicious prosecution, district court properly considered the docket sheet in a prior action to determine that, due to the form of dismissal of the prior action, statute of limitations barred the new claim.)  The Eighth Circuit permits district courts, through the doctrine of incorporation-by-reference, to "consider documents 'necessarily embraced' by the pleadings on a motion to dismiss." *Rydholm v. Equifax Info. Servs., LLC,* No. 20-647(DSD/KMM), 2020 U.S. Dist. LEXIS 202061, at *6-7 (D. Minn. Oct. 23, 2020) (quoting, in part, *Zean,* 858 F.3d at 526).

15 U.S.C. § 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  "To prevail on a claim under § 1681e(b), a plaintiff must show that the [consumer reporting agency] failed to 'follow reasonable procedures to assure maximum possible accuracy' and that this failure caused inaccurate information to appear on her credit report." *Morris v. Experian Info. Sols., Inc.*, No. 20-CV-0604 (PJS/HB), 2020 U.S. Dist. LEXIS 145874, at *5 (D. Minn. Aug. 13, 2020) (citing *Hauser v. Equifax, Inc.*, 602 F.2d 811, 814-15 (8th Cir. 1979)).  Multiple circuit courts have held that a plaintiff must show inaccuracy as an element of a claim under § 1681e(b).  *See Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66 (1st Cir. 2008).

## III.    ARGUMENT

### A.    The Complaint Does Not and Cannot State a Claim That Defendant Violated Section 1681e(b) In Reporting The October 29, 2014 Conciliation Court Judgment Against Plaintiff As Plaintiff Makes No Creditable Allegation of Inaccuracy.

In one of its inconsistent allegations as to whether or not a conciliation court judgment was entered against Plaintiff Clark, the FAC describes as "false" (FAC ¶ 53) the proposition that "a judgment had been entered against Plaintiff Clark in the Stearns County Conciliation Court in case number #73CO141198 in the amount of $350 on October 29, 2014." (FAC ¶ 52.)   The existence of a judgment is the only "inaccuracy" alleged by Plaintiff Clark with respect to Defendant's consumer report.

The Court need not credit the FAC's allegation that no judgment was entered against Plaintiff Clark, as it is contradicted by contrary allegations in the same pleading (*see, e.g.*, ¶¶ 75, 80, 86) and by the records of the Stearns County Conciliation Court, which are matters of public record, and which the Court can consider on this motion to dismiss.  *See Zean,* 858 F.3d at 526; *Levy*, 477 F.3d at 991-92.  The court records from case number 73-CO-14-1198 reflect that the matter came on for hearing on October 29, 2014; that it was heard by Judge Grunke, who executed on November 4, 2014 an order for judgment in the amount of $427 in Mr. Stoneburner's favor; and that the Register of Actions for the case (reproduced above) reflects a judgment dated October 29, 2014.  (McCabe Decl., Exs. 2; 3 at 3-4.)  Such materials are "embraced by the complaint." *Zean,* 858 F.3d at 526.

A judgment *was* indisputably entered against Plaintiff in case number 73-CO-14-1198.  Once Plaintiff's uncreditable contrary allegation is disregarded, Plaintiff pleads no

other inaccuracy consistent with the contours of the claim he asserts on behalf of the Conciliation Records Class. The FAC therefore fails to allege the threshold element of a claim under § 1681e(b) – an inaccuracy – and it should be dismissed. Because matters of public record conclusively establish that the judgment was entered, dismissal should be with prejudice.

**B.    The "Accuracy" Requirement Of Section 1681e(b) Cannot Be Subverted To Create An Additional Restriction On The Inclusion of Accurate Information In Consumer Reports.**

The FAC's purported class claim about the reporting of conciliation court judgments drops the pretense of asserting that the claims arise from cases in which no judgment was entered. The class is *defined,* in part, as "persons against whom a judgment was *entered* in the conciliation courts." (FAC ¶ 75 (emphasis added).) Plaintiff does not allege that the judgments were not entered, or that the terms of the judgments were somehow different from what Defendant's consumer reports reflect. He thus does not allege such consumer reports were "inaccurate"; he argues instead that due to the nature of conciliation courts, it violates the FCRA to report *factually accurate* information about their proceedings. The argument is effectively one for a new restriction on the *kinds* of accurate information that may be included in a "consumer report."

However, the FCRA cannot be interpreted to achieve such a restriction, and a simple reading of the statute disposes of Plaintiff Clark's claim quite easily. Section 1681e(b), the statute on which Plaintiff premises his claim, covers a range of compliance procedures for the preparation and dissemination of consumer reports, but does not provide any limitation on the kinds of records that may be reported in a consumer credit report. *See* 15 U.S.C.

§ 1681e(b).  The subsection only requires a consumer reporting agency maintain reasonable procedures to assure the maximum possible accuracy of consumer reports produced.  *Id*.  In Plaintiff Clark's case, Defendant correctly reported a judgment had been entered against him in the Matter, which was indisputably true based on public records now before the Court.  (*See* McCabe Decl., Ex. 2 (referencing the "judgment" against Plaintiff Clark in the Matter).)  Therefore, because the plain language in § 1681e(b) lends no support to Plaintiff Clark's argument, the Court should reject Plaintiff's interpretation.  *See United States v. Allmon*, 702 F.3d 1034,1036 (8th Cir. 2012) ("When interpreting a statute, we first look to its plain language.  We examine the text of the statute as a whole by considering its context, object, and policy.  When the words of a statute are unambiguous, then, this fist canon is also the last: judicial inquiry is complete." (citation omitted)).

Another section of the FCRA likewise forecloses Plaintiff Clark's interpretation. Section 1681c, the only section in the FCRA relating to information that may not be included in a consumer credit report, describes six such categories.  However, even here, Congress specifically only chose to exclude from a consumer report "[c]ivil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years . . ."  15 U.S.C. § 1681c(a)(2).  Section 1681c contains no seventh category prohibiting reporting of "undocketed conciliation court judgments" or "judgments that are enforced through other courts."  That Congress chose in Section 1681c to prohibit reporting of some types of information, including older civil judgments, but not others, reflects Congress' intent that the FCRA does not prohibit a consumer reporting agency from reporting accurate information about the entry of judgments in Minnesota conciliation

courts.  *See Watt v. GMAC Mortg. Corp.*, 457 F.3d 781, 783 (8th Cir. 2006) ("A standard axiom of statutory interpretation is *expressio unius est exclusio alterius*, or the expression of one thing excludes others not expressed.").  The Court should therefore not read into § 1681c a prohibition Congress chose not to enumerate.

### C.  Minnesota Statute § 491A.02, Subdivision 1, Does Not Preclude The Inclusion in Consumer Reports of Information Relating To Conciliation Court Judgments.

Plaintiff's strained attempt to argue that the factually accurate reporting of a conciliation court proceeding violates the "accuracy" provision of the FCRA seems to be based both on an irrelevant and incorrect argument that conciliation court judgments are "unenforceable" and on a misreading of an isolated phrase in a state statute describing conciliation court procedures.  Neither basis supports Plaintiff's argument.

### 1.  Plaintiff's allegations that conciliation court judgments are unenforceable are wrong and irrelevant.

The FAC persistently describes conciliation court judgments as "unenforceable." (FAC ¶¶ 6, 36-42, 53, 56, 86.)  This, of course, is a conclusion of law that is not credited on a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  It is also an incorrect conclusion, and even if it were correct, would not suffice to establish a claim.

Minn. Stat. § 491A.01 provides for the establishment of conciliation courts, confers their powers, and describes their jurisdiction.  As noted above, a conciliation court has the jurisdiction to "try[] and determine" certain civil claims.  Minn. Stat. § 491A.01, subd. 3. Minn. Stat. § 491A.02 sets out procedures for conciliation courts.  That statute directs the Minnesota Supreme Court to "promulgate rules governing pleading, practice, and

procedure for conciliation courts . . ."  Minn. Stat. § 491A.02, subd. 1.  To carry out this mandate, the Minnesota Supreme Court has adopted Rules 501 to 525 of the Minnesota Rules of General Practice to govern claims asserted in conciliation courts.  *See* Minn. Gen. R. Prac. § 501 *et seq*.  Under the statute, the Rules of General Practice, the decisions of Minnesota courts applying res judicata and Rule 60 to conciliation court judgments, and representations from the courts themselves about the effect of conciliation court judgments, it is clear that conciliation court judgments are final and enforceable.

Minn. Gen. R. Prac. 515 states that a judgment in conciliation court "becomes finally effective 21 days after" notice unless the judgment is paid in full, the defendant removes the matter to district court, or the court vacates the judgment.  The 1993 Committee Comment to Rule 515 likewise confirms that, following the foregoing waiting period, "a judgment becomes finally effective."  Minn. Gen. R. Prac. 515 Committee Comment (1993); *see also Balyk v. Linden Place Villas Condo. Ass'n.,* No. A05-181, 2006 Minn. App. Unpub. LEXIS 64, at *14 n.1 (Minn. Ct. App. Jan. 17, 2006) (citing Minn. Gen. R. Prac. 515 in finding that district court erred in concluding that the conciliation court judgment, "having never been entered in District Court, never constituted a final judgment").  *Balyk* thus refutes Plaintiff's implicit allegation that a "non-docketed" conciliation court judgment is not a judgment at all.  (*See* FAC ¶¶ 6, 36-42, 53, 56, 86.)

Minn. Gen. R. Prac. 517 also reflects the finality of conciliation court judgments.  It states that the "nonprevailing party must make arrangements to pay the judgment directly to the prevailing party."  This directive makes sense only if conciliation court judgments

are final, enforceable and immediately payable.  The Committee Comment to Rule 518 is

consistent with this conclusion:

> The party in whose favor the judgment was entered (the "judgment creditor")
> is responsible for enforcing the judgment if the other party ("the judgment
> debtor") does not voluntarily comply with the judgment.  Obtaining a
> transcript of the judgment and filing it in district court . . . is the first step in
> enforcing a judgment.

Minn. Gen. R. Prac. 518 Committee Comment (1993).  The Comment makes clear that

(1)the prevailing party in conciliation court becomes a "creditor," (2) the losing party

becomes a "debtor," (3) conciliation court judgments are final and owed without being

docketed, and (4) docketing is simply "the first step" to achieving enforcement, as it is with

any judgment, and not a precondition to the creditor's right to enforcement.

Furthermore, Minnesota courts give res judicata effect to conciliation court

judgments and have held that Minn. R. Civ. P. 60, concerning relief from judgments and

orders, applies to conciliation court judgments.  Under Minnesota law, "a valid and final

judgment extinguishes the claim and precludes any subsequent action on that claim."

*Mattsen v. Packman*, 358 N.W.2d 48, 49 (Minn. 1984).  The availability of res judicata

hinges, in part, on the existence of "a final judgment on the merits."  *Hauschildt v.*

*Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).  Indeed, this Court has given res judicata

effect to a conciliation court judgment, confirming that such judgments are final judgments

on the merits. *See Peet v. Associated Bank, N.A. Mendota Heights*, 2013 U.S. Dist. LEXIS

26556, at *9-12 (D. Minn. February 27, 2013).

In addition, Minn. R. Civ. P. 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representatives from a *final judgment* . . . order, or proceeding and may order a new trial or grant such other relief as may be just . . .

(emphasis added.)  The fact that Minnesota state courts apply Rule 60 to conciliation court judgments further confirms that they are final judgments.  *See, e.g., Kern v. Janson,* 800 N.W.2d 126, 130 (Minn. 2011) (applying Rule 60.02 to conciliation court judgments, recognizing that the unique features of conciliation court, such as uncounseled and ignorant parties, may justify vacating such judgments); *Jorissen v. Miller*, 399 N.W.2d 82, 84 (Minn. 1987) (same).

The notice of entry of judgment that the Stearns County Conciliation Court provided Plaintiff here also advised Plaintiff that he was obliged to pay Mr. Stoneburner and that the judgment was enforceable.  In a section entitled "How Do You Pay a Judgment?," the Court advised: "Payment should be made directly to the party that wins the case (prevailing party/creditor) . . . If the prevailing party is paid directly, obtain a statement of payment from the party (satisfaction of judgment) and file this with the Court."  (McCabe Decl., Ex. 3 at 6.)  In a section entitled "How Do You Collect a Judgment?," the Court advised:

> [A] Conciliation Court judgment does not create a lien against the debtor's property unless the procedure outlined below is followed. . . . Once a judgment is entered, the judgment is enforceable for 10 years from the date of entry.

(*Id.*)  Minnesota Courts Form CCT101, *Information about Conciliation Court*, made available by the Minnesota Courts on their website, also advises "Once a judgment is entered, the judgment is enforceable for 10 years from the date of entry."  (McCabe Decl.,

Ex. 1 at 5.)  Minnesota courts thus describe conciliation court judgments as final and enforceable.

Plaintiff seems to apply the "unenforceable" label because writs of execution and garnishment summonses may not be issued out of conciliation court.  (*See* Minn. Stat. § 491A.01, subd. 2; FAC ¶ 33.)  However, the fact that such enforcement mechanisms were unavailable to Mr. Stoneburner in the conciliation court did not change the fact that Plaintiff entered into a settlement after the judgment was entered.  (FAC ¶ 45.)  Plaintiff's conduct is powerful evidence of the conciliation court judgment's "enforceability."

The fact that a judgment creditor wishing to use judicial mechanisms to collect a judgment must invoke another judicial process does not distinguish conciliation court judgments from other court judgments or make them "unenforceable."  Like virtually any judgment in courts within the United States, conciliation court judgments are not self-executing.  The holder of a conciliation court judgment, like the holder of a United States District Court judgment, must apply to use court-sanctioned enforcement mechanisms, but, in doing so, need not prove his or her case again on the merits before he or she gains access to those tools.  The granting of access to court mechanisms for judgment collection is a ministerial act.  As stated in Minn. Stat. § 491A.01, subd. 3a, it is the conciliation court proceeding that "determine[s]" the liability of the judgment debtor.

Plaintiff's hair-splitting distinctions about "enforceability" are also irrelevant to the question of whether reporting a judgment that was in fact entered rendered Defendant's consumer report "inaccurate."  Research reveals no case in which a court held that because a judgment required a further filing before a creditor could use court mechanisms to collect

a judgment, inclusion of such judgment in a consumer report rendered the report "inaccurate."

### 2. Minnesota Statute § 491A.02 precludes only stenographic or audio reporting of conciliation court proceedings.

The FAC describes conciliation courts as "non-record" courts (FAC ¶¶ 32, 35), implying that such status precludes credit reporting of conciliation court judgments. The Minnesota Supreme Court has repudiated Plaintiff's premise. In *Mattsen*, the Minnesota Supreme Court stated: "Although the Hennepin County Conciliation Court is a court of record – that is, a separate court with its own seal – proceedings before conciliation courts are not reported." *Mattsen*, 358 N.W.2d at 50.

The FAC alleges that proceedings of conciliation courts "must not be reported," citing Minn. Stat. § 491A.02, subd. 1. (FAC ¶ 49.) That statute commences: "The determination of claims in conciliation court must be without jury trial and by a simple and informal procedure. Conciliation court proceedings must not be reported." Minn. Stat. § 491A.02. Plaintiff takes "must not be reported" to be a command by the Minnesota Legislature that *consumer reporting agencies* must not report accurate information about conciliation court judgments. It is not. It is an instruction to court personnel that conciliation court proceedings should not be reported by *court stenographers* or made the subject of publicly available audio recordings.

Notably, the "must not be reported" language in Minn. Stat. § 491A.02, subd. 1 does not specify by whom such proceedings must not be "reported." However, the statute subsequent to 491A.02 makes this clear. *See Cty. of Ramsey v. MERSCORP Holdings,*

*Inc.*, 962 F. Supp. 2d 1082, 1088 (D. Minn. 2013) ("The rules of statutory construction explain that '[a] section of a statute . . . should not be read in isolation from the context of the entire act.'") (quoting *Baker v. United States*, 460 F.2d 827, 849 n.15 (8th Cir. 1972) (Lay, J., concurring in part and dissenting in part)).   Minn. Stat. § 491A.03, subd. 3 provides that while a district court judge may serve as a conciliation court judge and may request that his or her court reporter assist him or her in doing so, "[a] court reporter ***may not take official notes of any trial or proceedings in conciliation court.***"   Minn. Stat. § 491A.02, subd. 3. (emphasis added).   In other words, § 491A.03 makes clear that § 491A.02's prohibition of conciliation court proceedings being "reported" only prohibits those proceedings from being transcribed by a *court reporter*.

This reading of Minn. Stat. § 491A.02, subd. 1 is supported by the Minnesota Rules of Public Access to Records of the Judicial Branch, and the Advisory Committee comments thereon.   Rule 4, subd. 3(e) governs access to recordings of court proceedings.   *See* Minn. R. of Pub. Access to Rec. of the Jud. Branch § 4, subd. 3(e).   It states: "[n]othing in this rule shall permit the transcription of conciliation court proceedings, hearings or trials. Playback of any part of the recordings of conciliation court proceeding, hearing or trial is authorized only at the direction of the court for the use of the court."   *Id*.   The 2008 Advisory Committee Comment explains:

> Rule 4, subd. 3(e), reflects the requirement of Minn. Gen. R. Prac. 504(c) which provides that conciliation court proceedings and trials shall not be reported.   Judges presiding in conciliation court often use recordings to supplement their notes.   Access to the recordings of conciliation court proceedings, hearings or trials is treated in the same manner as judge's notes under Rule 4, subd. 1(c), and their playback is subject to the control of the court.

Minn. R. of Pub. Access to Rec. of the Jud. Branch, Advisory Committee Comment (2008).

Minn. Gen. R. Prac. 504(c), which implements Minn. Stat. § 491A.02, subd. 1, plainly

limits only stenographic recording of conciliation court proceedings. The "shall not be

reported" restriction has nothing to do with the reporting of conciliation court judgments

in consumer credit reports.[3]

The Minnesota Legislature has already enacted modest additional credit reporting

requirements beyond those established by the FCRA. *See generally* Minn. Stat., Ch. 13C.

Had the Legislature intended to expand, for Minnesota residents, the content restrictions of

15 U.S.C. § 1681c(a), it would logically have included such a provision in Chapter 13C.

Isolated language in Chapter 491A that makes no explicit reference to credit reporting

should not be interpreted as applying to the preparation of consumer reports by consumer

reporting agencies. *See Allmon*, 702 F.3d at 1036 ("When the words of a statute are

unambiguous . . . judicial inquiry is complete.); *State v. Rick*, 835 N.W.2d 478, 482 (Minn.

2013) ("If the Legislature's intent is clear from the statute's plain and unambiguous

---

[3] A practice aid confirms this conclusion:

> Rule 505(c) (sic) provides a uniform rule that conciliation court proceedings are not reported. This means that the court does not provide a court reporter or other recording system to records the proceedings, and the parties may not provide their own.

> Records of conciliation court proceedings would serve no necessary or proper purpose. The review of conciliation court proceedings under Rule 521 is *de novo*, so no records is necessary or potentially useful to that part of the process. Recording adds unnecessary cost. Additionally, the making of a record may raise the stakes in the conciliation court proceedings or may foster abuse of the process to obtain testimony where a party is not represented by counsel.

David F. Herr, *3A Minnesota Practice Series, General Rules of Practice Annotated,* Rule 504 (2020 ed.).

language, then we interpret the statute according to its plain meaning without resorting to the canons of statutory construction."); *State v. Anderson*, 683 N.W.2d 818, 821 (Minn. 2004) (same).

In interpreting Minn. Stat. § 491A.02, subd. 1, the Court may consider "administrative interpretations of the statute." Minn. Stat. § 645.16(8). Minnesota courts, at which the statute is specifically directed, have publicly and repeatedly acknowledged that consumer reporting agencies are *not* precluded from reporting accurate information about conciliation court judgments. The pre-printed notice provided to Plaintiff that a conciliation court judgment had been entered against him advised him, in language included in the pre-printed form, that the judgment might be reported by a consumer reporting agency:

- If the prevailing party is paid directly, obtain a statement of payment from the party (satisfaction of judgment) and file this with the Court. Special forms for this procedure are available at the Conciliation Court office.

- If the Court is not properly notified of payment, you will have an unsatisfied judgment on your record and your credit rating may be affected.

(McCabe Decl., Ex. 3 at 6.) "Your record" plainly refers to a consumer's credit record, since that record will affect the consumer's "credit rating."

The Minnesota Courts' conclusion that conciliation court judgments may be reported by consumer reporting agencies (*i.e.,* that such reporting is *not* precluded by Minn. Stat. § 491A.02, subd. 1) is further evidenced by their publication of Form CCT101 referenced above, *Information about Conciliation Court*. (McCabe Decl., Ex. 1.) There, the Courts state:

**Paying, Collecting, and Appealing a Conciliation Court Judgment**

**How do I pay the judgment?**
You must make arrangements to pay the judgment directly to the creditor (the party you owe money to). Remember judgment records are public and credit bureaus routinely take information from them. If your judgment is not paid before it becomes final, it may have an adverse affect on your credit rating. If you make good faith efforts to pay the judgment and are not successful or the creditor refuses to accept your payment, you may bring a motion to allow payment to be made to the court administrator. You may pay all or any part of the judgment to the court administrator instead of paying the creditor directly **only** if the court issues an order that allows you to make payments to the court administrator.

When you pay the creditor, obtain a statement of payment called a Satisfaction of Judgment from the party you paid and file it with the court. If this is not done, your record will show an unsatisfied judgment, which may affect your credit rating.

(*Id*. at 5 (emphasis added).) Once again, contrary to Plaintiff's interpretation of the statute, the Minnesota Courts advise consumers that "credit bureaus routinely take information from [conciliation court judgment records]" and that nonpayment of the conciliation court judgment before it becomes final "may have an adverse [e]ffect on your credit rating." (*Id*.) The Courts further advise conciliation court defendants that unless, on payment, they obtain and file a satisfaction of judgment, the defendant's credit record would continue to "show an unsatisfied judgment." (*Id*.)

Minn. Stat. § 491A.02, subd. 1 does not preclude the inclusion in consumer reports of information about conciliation court judgments.

**D.    The January 31, 2020 Letter From a Stearns County Deputy Court Administrator Provides No Basis For Interpretation of the FCRA.**

In the meet and confer process conducted before Defendant filed this motion, Plaintiff's counsel produced a January 31, 2020 letter to Defendant from "Tamra B.," a deputy court administrator in Stearns County. (McCabe Decl. Ex. 4.) Based on its contents, Defendant believes it is the communication referred to in paragraph 57 of the

FAC. The Court may consider this letter in connection with Defendant's Motion to Dismiss because it is effectively incorporated into the FAC, does not contradict Plaintiff's allegations, and its authenticity is not questioned. *See, e.g., Zean*, 858 F.3d at 526; *Rydholm*, 2020 U.S. Dist. LEXIS 202061, at *6-7. Defendant adduces the letter because it is aware of its existence, anticipates that Plaintiff may rely on it in opposition to this motion, and therefore feels it is best to address the letter first in its moving papers.

The letter's author is Tamra B., a Deputy County Court Administrator for Stearns County. In it, she sets forth her opinion regarding whether (a) a conciliation court judgment not docketed in district court is a judgment, (b) a consumer reporting agency may include information about such judgments in consumer reports, and (c) a conciliation court is a court of record. (McCabe Decl., Ex. 4.). In brief, her opinions were "no," "no (not before they are docketed)," and "no." The *Kern* case, cited above, refutes her first opinion. The discussion in sections III.A-C above refutes her second, and the Minnesota Supreme Court's decision in *Mattsen* refutes her third.

Ms. B's letter does not create a basis on which Plaintiff may state a claim, and the Court may disregard it. *See Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116 (SRN/SER), 2013 U.S. Dist. LEXIS 82509, at *24 (D. Minn. June 12, 2013) (an opinion letter from the Norwegian Foreign Ministry to the Norwegian Labor Ministry "does not confer legal authority upon which a claim may be based") (Nelson, J.).

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss Count I in Plaintiff Clark's FAC *with prejudice*.

Respectfully submitted,

Dated: November 30, 2020

By: s/ *Joseph G. Schmitt*
    Joseph G. Schmitt (Minn. Reg. No. 231447)
    NILAN JOHNSON LEWIS PA
    250 Marquette Avenue South, Suite 800
    Minneapolis, MN 55401
    Tel: (612) 305-7500
    Fax: (612) 305-7501
    jschmitt@nilanjohnson.com

    James F. McCabe *(admitted pro hac vice)*
    Alston & Bird LLP
    560 Mission Street, Suite 2100
    San Francisco, CA 94105
    (415) 243-1000
    jim.mccabe@alston.com

**ATTORNEYS FOR DEFENDANT**